UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PAUL RICHARD BRYAN SMITH** | **CIVIL ACTION NO. 12-314** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **OFFICE OF DISTRICT ATTORNEY, ET AL** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of *habeas corpus* filed pursuant to the provisions of 28 U.S.C. §2241 on January 20, 2012 by *pro se* petitioner Paul Richard Bryan Smith. At the time of filing, petitioner was in pre-trial custody at the Vernon Parish Sherriff's Jail. However, documentation submitted by petitioner in another matter pending before this court notified the court of a change of address.[1] Petitioner was transferred to C. Paul Phelps Correctional Center (CPP) on or before May 9, 2012.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to proceeding in federal court.

---

[1] *Smith v. 30th Judicial Dist. Ct.,* No. 12-cv-00285 (U.S.Dist. Ct., W.D.La. Jan. 20, 1012).

-1-

*Statement of the Case*

While on probation petitioner was apparently arrested for forgery and theft of checks. He states that his fiancé pled guilty to the charges and that he was not involved in the illegal activities. Instead he claims that his fiancé had permission from their roommate (the victim) to use his checks. Petitioner states that he paid restitution to the roommate but did not know that the checks were forged. Petitioner contends that the district attorney's office postponed his trial several times and has kept his fiancé from being summoned to testify on his behalf.

Petitioner also contends that the detectives lied when they stated that he admitted to the check theft and forgery. Petitioner states that part of the basis for his petition is a prison disciplinary proceeding and a Vernon Parish detainer but he does not give any information on either. Doc. 1, p. 5.

*Law and Analysis*

Federal law is clear – a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas* relief whether he seeks relief pursuant to 28 U.S.C. § 2241 or § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523.

Further, as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.

*Picard v. Connor*, 404 U.S. 270, 275 (1971).  Since petitioner seeks relief pursuant to 28 U.S.C. § 2241, and since *habeas corpus* is the appropriate remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies.

A federal district court may notice *sua sponte* the lack of exhaustion.  *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir.1997).  Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief.  See *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety.  *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990).

Petitioner's original pleading is silent with respect to the issue of whether or not he exhausted available state court remedies before proceeding to federal court.  Nevertheless, a review of the published jurisprudence of the State of Louisiana establishes that petitioner has not litigated any claims before the Louisiana Supreme Court.  Thus, we conclude that petitioner has not fully exhausted the claim he brings in this petition for federal *habeas corpus*.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** because the petitioner has failed to exhaust all available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 26th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE